JS44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
WALTER KAMINSKAS

## DEFENDANTS
DARDEN RESTAURANTS, INC. D/B/A LONGHORN STEAKHOUSE 5256 AND RARE HOSPITAL MANAGEMENT, LLC D/B/A LONGHORN STEAKHOUSE 5256

**(b)** COUNTY OF RESIDENCES OF FIRST LISTED PLAINTIFF: **NJ**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: **FL**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Matthew Zamites, Esquire
SIMON & SIMON, P.C.
1515 Market Street, Suite 1600
Philadelphia, PA 19102
215-400-2251

ATTORNEYS (IF KNOWN)

LOUIS HOCKMAN, ESQUIRE
MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP
Centre Square, West Tower
1500 Market Street, Suite 4100
Philadelphia, PA 19102
(215) 735-7200

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Parties in Item III
- ☐ 3 Federal Question (U.S. Government Not a Party)
- **X** 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | X 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- X 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med Malpractice
- ☐ 365 Personal Injury -- Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth In Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodation
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motion to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ Civil Rights ☐ 555 Prison Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus – Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 hia (1395FF)
- ☐ 862 Black Lung (923)
- ☐ 863 diwc/diww (405(g))
- ☐ 864 SSID Title XVI
- ☐ 864 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-- Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective SErvice
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410zation Act
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (PLACE AN x IN ONE BOX ONLY)
- ☐ 1. Original Proceeding
- **X** 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Personal injury

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND: In excess of $50,000
Check YES only if demanded in complaint:
JURY DEMAND: X YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
Judge: _____
Docket Number: _____

DATE: March 21, 2017

SIGNATURE OF ATTORNEY OF RECORD
LOUIS HOCKMAN, ESQUIRE

FOR OFFICE USE ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| WALTER KAMINSKAS<br><br>vs.<br><br>DARDEN RESTAURANTS, INC. D/B/A LONGHORN STEAKHOUSE 5256 AND RARE HOSPITAL MANAGEMENT, LLC D/B/A LONGHORN STEAKHOUSE 5256 | CIVIL ACTION<br><br>NO. |
|---|---|

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. 2241 through 2255.  ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  ( X )

DATE: March 21, 2017

LOUIS HOCKMAN, ESQUIRE
Attorney-at-Law       Attorney ID # 52170

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA - DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __108 Bentley Avenue, Trenton, NJ__

Address of Defendant: __Florida__

Place of Accident, Incident or Transaction: __185 Market Place Blvd., Hamilton, New Jersey 08650__

Does this case involve multidistrict litigation possibilities?  Yes ☐  No X

RELATED CASE IF ANY **None**
Case Number: _____   Judge _____   Date Terminated: _____

Civil Cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No X
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No X
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes ☐  No X
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights Case filed by the same individual?  Yes ☐  No X

CIVIL: (Place 9 in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. 9 Indemnity Contract, Marine Contract, and All
2. 9 FELA
3. 9 Jones Act-Personal Injury
4. 9 Antitrust
5. 9 Patent
6. 9 Labor-Management Relations

7. 9 Civil Rights
8. 9 Habeas Corpus
9. 9 Securities Act(s) Cases
10. 9 Social Security Review Cases
11. 9 All Other Federal Question Cases
   (Please specify)

B. *Diversity Jurisdiction Cases:*

1. 9 Insurance Contract and Other Contracts
2. 9 Airplane Personal Injury
3. 9 Assault, Defamation
4. 9 Marine Personal Injury
5. 9 Motor Vehicle Personal Injury
6. **X** Other Personal Injury (Please specify) – alleged consumption of shard of plate
7. 9 Products Liability
8. 9 Products Liability - Asbestos
9. 9 All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, ___, counsel of record do hereby certify:

    9 Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
    9 Relief other than monetary damages is sought.

DATE: _____   Attorney ID # __52170__
             Attorney-at-Law

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this curt except as noted above.

DATE: __March 21, 2017__   _____
                   LOUIS HOCKMAN, ESQUIRE
                   Attorney-at-Law   Attorney ID # __52170__

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER KAMINSKAS<br><br>vs.<br><br>DARDEN RESTAURANTS, INC. D/B/A LONGHORN STEAKHOUSE 5256 AND RARE HOSPITAL MANAGEMENT, LLC D/B/A LONGHORN STEAKHOUSE 5256 | CIVIL ACTION<br><br>NO. |

## PETITION FOR REMOVAL

TO: THE HONORABLE JUDGES OF THE DISTRICT COURT FOR EASTERN DISTRICT OF PENNSYLVANIA

As removing party, RARE Hospitality International, Inc. (incorrectly designated as DARDEN RESTAURANTS, INC. D/B/A LONGHORN STEAKHOUSE 5256 AND RARE HOSPITAL MANAGEMENT, LLC D/B/A LONGHORN STEAKHOUSE 5256), files this Notice of Removal of the above captioned matter from the Court of Common Pleas, Philadelphia County, the Court in which it is now pending to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendant, avers as follows:

1. This action was commenced by way of Complaint filed in the Court of Common Pleas, Philadelphia County on or about February 20, 2017, and docketed as February Term, 2017, No. 4502. (A true and correct copy of plaintiff's Complaint is attached hereto and marked as Exhibit "A").

2. This notice is timely, having been filed within thirty (30) days of plaintiff serving the Complaint on Defendant which service was made on or after February 21, 2017.

3. Plaintiff's Complaint contains a typographical error. Presumably, Plaintiff intended to name "RARE Hospitality Management, LLC" as a defendant.

4. At the time this action was commenced and continuing to the present, Defendant, RARE Hospitality International, Inc. (incorrectly designated as DARDEN RESTAURANTS, INC. D/B/A LONGHORN STEAKHOUSE 5256 AND RARE HOSPITAL MANAGEMENT, LLC D/B/A LONGHORN STEAKHOUSE 5256), is a corporation organized under the laws of the State of Delaware and having its principal place of business in Florida.

5. Similarly, Darden Restaurants, Inc. is organized under the laws of the State of Delaware and having its principal place of business in Florida.

6. Further, RARE Hospitality Management, LLC is organized under the laws of the State of Delaware and having its principal place of business in Florida.

7. Based upon the allegations in the Complaint, at the time this action was commenced and continuing to the present, plaintiff, Walter Kaminskas, was a citizen of the State of New Jersey.

8. Moving defendant, believes and therefore avers that the amount in controversy, based upon the allegations in the Complaint will exceed the jurisdictional amounts required for jurisdiction to exist in District Court exclusive of interest and costs.

9. This action is removable from State Court to this Court based upon diversity of citizenship pursuant to 28 U.S.C. 1332(a)(1) and 28 U.S.C. 1441(a).

10. This Court has full and exclusive jurisdiction over this case which involve the aforementioned federal acts. Wherefore, moving defendant respectfully requests that

the above-captioned action be removed from the Court of Common Pleas, Philadelphia County to the District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MINTZER, SAROWITZ, ZERIS, LEDVA & MEYERS, LLP**

BY: _____
LOUIS HOCKMAN, ESQUIRE
Attorney for Defendant(s), DARDEN RESTAURANTS, INC. D/B/A LONGHORN STEAKHOUSE 5256 AND RARE HOSPITAL MANAGEMENT, LLC D/B/A LONGHORN STEAKHOUSE 5256
Centre Square, West Tower
1500 Market Street
Suite 4100
Philadelphia, PA 19102
(215) 735-7200
**MSZL&M File No. 003070.000028**

## **CERTIFICATE OF SERVICE**

      I, LOUIS HOCKMAN, ESQUIRE, do hereby certify that a true and correct copy of the within Petition for Removal was forwarded by U.S. Mail, postage pre-paid on the 21st day of February as follows:

Matthew Zamites, Esquire
SIMON & SIMON, P.C.
1515 Market Street, Suite 1600
Philadelphia, PA 19102

_____
LOUIS HOCKMAN, ESQUIRE

**EXHIBIT "A"**

|  |  |
|---|---|
| **SIMON & SIMON, P.C.** | THIS IS NOT AN ARBITRATION COMPLAINT |
| BY:  Marc I. Simon, Esquire | AN ASSESSMENT OF DAMAGES HEARING |
|         Joshua A. Rosen, Esquire | IS REQUIRED |

| | |
|---|---|
| **SIMON & SIMON, P.C.** | |
| BY: Marc I. Simon, Esquire | Bryan Arner, Esquire |
| Joshua A. Rosen, Esquire | Alisha A. Nichols, Esquire |
| Matthew J. Zamites, Esquire | Mary G. McCarthy, Esquire |
| Andrew J. Van Wagner, Esquire | Joseph L. Coleman, Esquire |
| Brian F. George, Esquire | William Rhoades, Esquire |
| Andrew Baron, Esquire | Michael Schlagnhaufer, Esquire |
| Raymond Tarnowski, Esquire | Alexander C. Hyder, Esquire |
| Grady Lowman, Esquire | James T. Stinsman, Esquire |
| Ashley Oakey, Esquire | Daria Koscielniak, Esquire |
| Jason Whalley, Esquire | Harry Gosnear, Esquire |
| Joshua Baer, Esquire | Jessalyn Gillum, Esquire |
| Michael K. Simon, Esquire | |
| Attorney ID No.'s: | *Attorneys for Plaintiff* |
| *201798* | |

1515 Market Street, 16th Floor
Philadelphia, PA 19102
(215-400-2251)

| | |
|---|---|
| Walter Kaminskas | COURT OF COMMON PLEAS |
| 108 Bentley Avenue | PHILADELPHIA COUNTY |
| Trenton, NJ 08619 | |
| | February Term, 2017 |
| Plaintiff | No. |
| v. | |
| Darden Restaurants, Inc. | |
| d/b/a Longhorn Steakhouse 5256 | |
| 185 Hamilton Market Place | |
| Hamilton Township, NJ 08650 | |
| And | |
| RARE Hospital Management, LLC | |
| d/b/a Longhorn Steakhouse 5256 | |
| Hamilton Township, NJ 08650 | |
| Defendants | |

Case ID: 170204502

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND
INFORMATION SERVICE
One Reading Center
Philadelphia Pennsylvania 19107
Telephone: (215) 238-1701**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE
FILADELFIA
SERVICIO DE REFERENCIA E
INFORMACIÓN LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701**

Case ID: 170204502

## COMPLAINT

1. Plaintiff, Walter Kaminskas, is an adult individual and resident of the Commonwealth of Pennsylvania, residing at the address listed in the above caption

2. Defendant, Darden Restaurants, Inc., d/b/a Longhorn Steakhouse 5256 is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was by and through itself and/or its servants, agents, representatives and/or employees, the owner, operator maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control and/or safety of, Longhorn Steakhouse, located at, 185 Hamilton Market Place, in Hamilton Township, NJ.

3. Defendant, RARE Hospital Management, LLC, d/b/a Longhorn Steakhouse 5256, is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint, and which at all times material hereto was by and through itself and/or its servants, agents, representatives and/or employees, the owner, operator maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control and/or safety of, Longhorn Steakhouse, located at, 185 Hamilton Market Place, in Hamilton Township, NJ.

4. Defendants named in paragraphs 2 through 3 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

5. Upon information and belief, Defendants regularly and systematically transact business in Philadelphia County so as to be subject to venue and in personem jurisdiction in Philadelphia.

6. At all relevant times, Defendants, acting individually, jointly and/or by and through its agents, servants, franchisees, workmen and/or employees were responsible for maintaining the premises in a reasonably safe and sanitary condition, including but not limited to serving

sanitary, healthy food and beverages to customers/business invitees lawfully on the premises located at Longhorn Steakhouse, 185 Hamilton Market Place, in Hamilton Township, referred to hereinafter as "the premises."

7. On or about January 2, 2017, at approximately 8:15 p.m. Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

8. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a in a reasonably safe and sanitary condition for those persons lawfully thereon, including Plaintiff.

9. On or about January 2, 2017, at approximately 8:15 p.m., while on Defendants' premises, Plaintiff was served and caused to consume unsanitary, or otherwise unhealthy substance, shards of broken plate within a bowl of rice, by Defendants individually, jointly, severally, themselves and/or through their agents, servants, franchises, workmen and/or employees, causing serious and permanent personal injuries on account of which this action is brought.

10. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous, unsafe, unsanitary, unhealthy, and/or defective conditions to exist, including but not limited to, the conditions which directly resulted in the plaintiff's injuries.

11. The negligence of Defendants consisted of, inter alia, the following:

    a. Failure to prepare food properly;

    b. Failure to adequately and/or properly, maintain, sustain, control, monitor, clean, inspect, and/or otherwise keep the aforesaid premises in safe and sanitary conditions;

c. Failure to regard the rights, safety and position of the Plaintiff in and about the area of the aforementioned accident;

d. Failure to request and supervise periodic inspections of the premises in and around the area where food was prepared and/or served therein, by which the Plaintiff suffered the aforesaid injury;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstance in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises;

f. Failure to comply with Commonwealth of Pennsylvania codes, and/or local health codes, county and city laws, ordinances and regulations pertaining to food preparation and maintenance of the aforementioned premises;

g. Failure to comply with the applicable Public Health Code;

h. Failure to adequately maintain the aforesaid premises in a safe and sanitary manner resulting in the particular injury suffered by the Plaintiff;

i. Failure to provide sufficient warning to the Plaintiff as to the existence of the reasonably foreseeable dangerous, unhealthy, and/or unsafe conditions;

j. Failure to provide adequate safeguards to prevent the injury to Plaintiff;

k. Failure to exercise the proper care, custody and control over the aforesaid premises and/or food products therein;

l. Failing to reasonably monitor, inspect, maintain and/or otherwise exercise due and reasonable care on of the aforesaid premises;

  m. Breach, implied or express, the contract and/or agreement entered into by the Defendant and the Plaintiff pertaining to Plaintiff's presence on Defendant's premises;

  n. Violation of Commonwealth of Pennsylvania Unfair Trade Practiced and Consumer Protection Law;

  o. Misrepresentation of the safety and/or other conditions of the aforesaid premises to the Plaintiff and including the Plaintiff to enter onto the property by and through such misrepresentations;

  p. Engaging in any further or deceptive conduct which creates a likelihood of confusion or of misunderstanding;

  q. Service of unsanitary, dangerous, unhealthy and/or otherwise unsafe food products to its customers, including the Plaintiff;

  r. Being otherwise careless and/or negligent under the circumstances.

12. As a direct and consequential result of the negligent and/or careless conduct of the defendant, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, all to Plaintiff's great loss and detriment.

13. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

14. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

15. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

16. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, demands judgment in Plaintiff's favor and against Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, PC

/s
MARC I. SIMON, ESQUIRE
*Attorney for Plaintiff*

Case ID: 170204502

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and that the facts set forth in this Civil Action Complaint above are true and correct to the best of my knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of 18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

_____
Marc I. Simon

## VERIFICATION

I, <u>Walter R Kaminskas</u>, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

*Walter R Kaminskas*
Walter R Kaminskas (Feb 5, 2017)

Case ID: 170204502